IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW MORALES,

     Plaintiff,

v.                                          No. 23-cv-00925-KG-KRS

THE BOARD OF COUNTY
COMMISSIONERS FOR THE COUNTY
OF BERNALILLO,

     Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Board of County Commissioners' Motion to Dismiss (Doc. 4) (Motion). Defendant seeks dismissal of Plaintiff's Prisoner Civil Complaint (Doc. 1-1) (Complaint) on the ground that it fails to state a cognizable claim. Having reviewed the relevant law and arguments, the Court will grant the Motion, in part, but grant leave to amend.

I.          Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the following facts taken from the allegations in the Complaint are true. When he filed the complaint, Plaintiff was incarcerated in the Bernalillo Metropolitan Detention Center ("MDC"). The allegations arise from the conditions of confinement there.

Plaintiff alleges the cyberhackers attacked Bernalillo County databases, internet connections and MDC's electronic security systems in January 2022, which compromised information required by prosecutors to "ethically pursue convictions" against the pretrial detainees at MDC. (Doc. 1-1 at 1). The attack affected the automatic doors and security cameras. (Id.). For

a time, MDC staff had to open doors manually with keys. (Id.) The security cameras and electronic doors were restored sometime later. (Id.). MDC officials did not make an announcement that the problems were resolved. (Id.).

Then, in June 2022, MDC chief Greg Richardson declared a state of emergency at MDC due to understaffing (allegedly a 51.09 % vacancy rate among correctional officers and "crucial" understaffing among the medical providers). (Id.). Plaintiff alleges that under these circumstances, corrections officers are authorized to use deadly force against the inmates, the Chief Public Defender instructed attorneys and staff to stop visiting clients at MDC in person. (Id.). He alleges that in the month of September, he was locked down for five days at a time and MDC was locked down for five days at a time, three times and that this lockdown schedule is representative of the duration of his incarceration at MDC. (Id. at 1-2). These conditions, Plaintiff alleges, are violative of MDC policy and American Corrections Associations standards. (Doc. 1-1 at 2). Plaintiff attributes the staffing issues and concomitant problems to wardens Richardson or Jones (neither of whom is a named defendant in this matter).

Based on the foregoing, Plaintiff claims that his right to be free from cruel and unusual punishment were violated. (Doc. 1-1 at 2). Since Plaintiff's claims arise from the conditions of confinement he experienced as a pretrial detainee, this claim arises under the due process clause of the Fourteenth Amendment, though the substance of the claim is governed by the standards applicable to the prohibition against cruel and unusual punishment in the Eighth Amendment. Plaintiff names one Defendant, the Board of County Commissioners for Bernalillo County (the "County") and seeks $1700 for each day he spent at MDC. (Id. at 1). Plaintiff filed the Complaint in the Second Judicial District Court, Bernalillo County, New Mexico (Doc. 1-1). Defendant removed it to this Court on October 20, 2023, and filed Motion seeking dismissal of the Complaint

for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6). (Docs. 1, 4).   Plaintiff filed

a response to the Motion (Doc. 5), and Defendant filed a reply (Doc. 6).   The Motion is fully

briefed and ready for review.

II.      Analysis.

A.   Standard of Review.

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests

the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*,

40 F.3d 337, 340 (10th Cir. 1994).   When considering a Rule 12(b)(6) motion, the Court must

accept as true all well-pleaded factual allegations in the complaint, view those allegations in the

light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See*

*Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citations omitted).   "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.*   "Where a complaint pleads facts that are 'merely consistent with'

a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement

to relief.'" *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).   While *pro se* pleadings are judged by the same legal standards as others,

the Court can overlook the "failure to cite proper legal authority, … confusion of various legal

theories, …, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

B. <u>42 U.S.C. § 1983</u>

Plaintiff seeks to state claims under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. Section 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

C. <u>The Complaint Does Not State a Viable § 1983 Claim Against Defendant.</u>

A county may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). For § 1983 municipal-liability purposes "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision" are considered an "official policy or custom." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). But municipal liability is limited "to action for which the municipality is actually responsible," which is different from the acts of its employees.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Therefore, to state a claim against a county, a plaintiff must allege facts showing that an official policy is the moving force behind the injury alleged. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). This requires the plaintiff to show "(1) a causal relationship between the policy or custom and the [alleged violation of a Constitutional right] and (2) deliberate indifference." *Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019). The "deliberate indifference" standard may be satisfied by showing that "a municipal actor disregarded a known or obvious consequence of" the attending custom or policy. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

In response to the Motion, Plaintiff argues that the Complaint alleges sufficient grounds for the County to be held liable for the actions of its employees under a theory of *respondeat superior*. (Doc. 5 at 1). But this is not, as Plaintiff suggests, an issue of fact to be determined by a jury. (Id.). Rather, it is a legal issue as to which the clearly established law provides that local governmental entities may not be held liable under § 1983 for the actions of its employees based on the doctrine of *respondeat superior*. *Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). For Plaintiff to prevail on a claim against the County, he must allege facts showing the existence of a policy or custom underlying the allegedly unconstitutional conditions.

For purposes of *Monell,* the relevant policy or custom must consist of:

> a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotations omitted).

Whatever type of policy or custom is alleged, the "plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the moving force behind the injury alleged. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* In the absence of allegations demonstrating that existence of an unconstitutional policy or custom and deliberate conduct by the County, Plaintiff's argument that the County "should know" what is going on at MDC (Doc. 5 at 1) does not satisfy this standard.

Plaintiff's allegations also fail on substantive grounds under the standards governing a cruel and unusual punishment claim. The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Although pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's proscription against cruel and unusual punishment, the standards governing claims of cruel and unusual punishment are the same in either context. *Van Curen v. McClain Cnty. Bd. of Cnty. Comm'rs*, 4 F. App'x 554, 556 (10th Cir. 2001).

To prove that prison conditions amount to cruel and unusual punishment, the plaintiff must prove, among other things, that the condition complained of is, "objectively, sufficiently serious" that it "results in the denial of the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Through restrictive, the conditions Plaintiff complains of do

6

not rise to that level. *See e.g.*, *Ajaj v. United States*, 293 Fed. App'x 575, 582–84 (10th Cir. 2008) (finding conditions such as "lock-down for 23 hours per day," and "limited ability to exercise outdoors" did not amount to an Eighth Amendment violation); *Hill v. Pugh*, 75 Fed. App'x 715, 721 (10th Cir. 2003) (finding no cruel and unusual punishment where inmate was "isolated in his cell twenty-three hours a day for five days a week and twenty-four hours the remaining two days"); *Silverstein v. Fed. Bureau of Prisons*, 559 Fed. App'x 739, 755 (10th Cir. 2014) (finding no violation where plaintiff had only had 10 hours per week of recreation time); *Smith v. Romer*, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997) (finding no violation stemming from 23-hour lockdown, limited vocational, educational, and recreational services, and exercise of one hour per day in cell).

III.   Conclusion.

For the foregoing reasons, the Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. The Court will therefore grant the Motion to the extent that the Complaint shall be dismissed for failure to state a cognizable claim. Leave to amend will be granted, however, as *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling. If Plaintiff fails to timely comply or files another complaint that fails to state a cognizable § 1983 claim, the Court may dismiss the claims with prejudice and without further notice.

IT IS ORDERED that:

(1)  Defendant Board of County Commissioners' Motion to Dismiss (Doc. 4) is GRANTED as set forth above; and Plaintiff's Complaint (Doc. 1-1) is dismissed without prejudice.

(2) It is further ordered that Plaintiff may file an amended complaint within thirty (30) days of

7

entry of this Order.

UNITED STATES DISTRICT JUDGE