IN THE UNITED STATES DISTRCIT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO MORALES,

    Plaintiff,

v.                                                                                                                                                                             No. 23-cv-925 KG/KRS

THE BOARD OF COUNTY
COMMISSIONERS FOR THE COUNTY
OF BERNALILLO,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Antonio Morales' failure to file an amended complaint that alleges a plausible claim. Plaintiff was incarcerated when he filed his original Complaint, and he is proceeding *pro se*. Plaintiff alleges that in January 2022 cyberhackers attacked the databases, internet connections, and electronic security systems of the Bernalillo Metropolitan Detention Center ("MDC"). (Doc. 1-1) at 1. Plaintiff claims the cyberattack compromised information required by prosecutors to "ethically pursue convictions" and affected the facility's automatic doors and security cameras. *Id.* Plaintiff states in June 2022, MDC Chief Greg Richardson declared a state of emergency due to understaffing of correctional officers and medical providers, resulting in an "unsafe and unsecure condition" and the authorization of corrections officers to use deadly force against inmates. *Id.* Plaintiff also asserts the Chief Public Defender instructed attorneys and staff to stop visiting clients at MDC as a safety precaution. *Id.* at 1-2. Plaintiff alleges he was locked down for three separate five-day periods in September 2022, in violation of American Corrections Association standards and MDC policy. *Id.* at 2.

Plaintiff filed his original Complaint in New Mexico's Second Judicial District Court bringing claims under the Eighth and Fourteenth Amendments to the United States Constitution and seeking $1,700.00 per day for each day he was incarcerated at MDC. (Doc. 1-1). The caption of the original Complaint names one Defendant: the Board of County Commissioners for the County of Bernalillo ("the Board"). On October 20, 2023, the Board removed the case to this Court based on federal question jurisdiction. (Doc. 1). The Board also filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 4).

By a ruling entered June 18, 2024, the Court granted the Board's Motion to Dismiss, in part. *See* (Doc. 10) ("Screening Ruling"); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner claims against government officials). The Screening Ruling explains the original Complaint fails to state a cognizable claim under the U.S. Constitution and 42 U.S.C. § 1983 because it does not contain facts showing the Board promulgated a policy or custom that caused a constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) ("To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."). There is also no indication that the Board took any action with "the requisite degree of culpability" to establish municipal liability. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). The Screening Ruling further explains the facts in the original Complaint do not demonstrate a constitutional violation for cruel and unusual punishment. For these reasons, the original Complaint was dismissed without prejudice under Rule 12(b)(6) and 28 U.S.C. § 1915A for failure to state a cognizable claim. (Doc. 10). The Screening Ruling was mailed to Plaintiff at his residential address.

Courts must ordinarily grant leave to amend where a plaintiff's original *pro se* complaint fails to state a plausible claim for relief.  *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court permitted Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling.  Plaintiff was warned that if he fails to timely file an amendment that states a plausible claim for relief, the Court may dismiss his claims with prejudice.  The deadline to amend was July 18, 2024.  Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling.  Hence, the Court will dismiss all claims in the original Complaint (Doc. 1-1) with prejudice for failure to state a cognizable claim under Rule 12(b)(6) and 28 U.S.C. § 1915A.  *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal").

IT IS THEREFORE ORDERED:

1. All civil claims in Plaintiff's original Civil Complaint (Doc. 1-1) are dismissed with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6).

2. The Court will enter a judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE